UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL D. CAREY, | No. 2:24-cv-1717 AC P |
| Plaintiff, | |
| v. | ORDER |
| GREGORY BOOZA, | |
| Defendant. | |

Plaintiff, a state prisoner proceeding pro se, has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1).

I.  Application to Proceed In Forma Pauperis

Plaintiff has submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a). ECF No. 2. Accordingly, the request to proceed in forma pauperis will be granted.

Plaintiff is required to pay the statutory filing fee of $350.00 for this action. 28 U.S.C. §§ 1914(a), 1915(b)(1). By this order, plaintiff will be assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1). By separate order, the court will direct the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and forward it to the Clerk of the Court. Thereafter, plaintiff will be obligated for monthly payments of twenty percent of the preceding month's income credited to plaintiff's prison trust account.

These payments will be forwarded by the appropriate agency to the Clerk of the Court each time the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full.  28 U.S.C. § 1915(b)(2).

II.  Statutory Screening of Prisoner Complaints

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are "frivolous, malicious, or fail[] to state a claim upon which relief may be granted," or that "seek[] monetary relief from a defendant who is immune from such relief."  28 U.S.C. § 1915A(b).

A claim "is [legally] frivolous where it lacks an arguable basis either in law or in fact."  Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984).  "[A] judge may dismiss . . . claims which are 'based on indisputably meritless legal theories' or whose 'factual contentions are clearly baseless.'"  Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989) (quoting Neitzke, 490 U.S. at 327), superseded by statute on other grounds as stated in Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000).  The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis.  Franklin, 745 F.2d at 1227-28 (citations omitted).

"Federal Rule of Civil Procedure 8(a)(2) requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"  Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (alteration in original) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)).  "Failure to state a claim under § 1915A incorporates the familiar standard applied in the context of failure to state a claim under Federal Rule of Civil Procedure 12(b)(6)."  Wilhelm v. Rotman, 680 F.3d 1113, 1121 (9th Cir. 2012) (citations omitted).  In order to survive dismissal for failure to state a claim, a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level."  Twombly, 550 U.S. at 555 (citations omitted).  "'[T]he pleading must contain something more . . . than . . . a statement of facts that merely creates a suspicion [of] a legally

1 cognizable right of action.'" Id. (alteration in original) (quoting 5 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1216 (3d ed. 2004)).

"[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (citing Twombly, 550 U.S. at 556). In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Hosp. Bldg. Co. v. Trs. of the Rex Hosp., 425 U.S. 738, 740 (1976), as well as construe the pleading in the light most favorable to the plaintiff and resolve all doubts in the plaintiff's favor, Jenkins v. McKeithen, 395 U.S. 411, 421 (1969) (citations omitted).

III.   Complaint

Plaintiff filed an initial complaint (ECF No. 1) with his request to proceed in forma pauperis, but that complaint was superseded plaintiff's later-filed First Amended Complaint (FAC) which is now before the court for screening. ECF No. 9; Fed. R. Civ. P. 15(a). The FAC names Detective Gregory Booza as the sole defendant. ECF No. 9 at 1. Plaintiff alleges "Detective Gregory Booza is responsible for the following Civil Rights Violations: filing false reports, making false accusations, false statements in his reports and perjury which created a civil liberty interest for me as well as discrimination by law enforcement." Id. at 3.

The FAC states that on March 27, 2024, Officer Juarez of the Elk Grove Police Department conducted a DOJ stop issued by Detective Booza, which was "initially written as a stolen vehicle, then cancelled and reentered as a felony vehicle." Id. at 4. Detective Booza informed Officer Juarez that the clothes plaintiff was wearing matched the clothes of a suspect involved in a robbery on March 26, 2024. Id. Detective Booza told Officer Juarez that plaintiff was arrestable for the robbery, but during plaintiff's preliminary hearing on May 13, 2024, Detective Booza changed his statement while on the stand and said that because the video was blurry, he was no longer sure that plaintiff's sweatshirt matched the robbery suspect's clothes and noted that the pants and shoes were different. Id. Plaintiff asserts that Detective Booza

3

committed perjury in violation of the penal code by filing biased and prejudiced reports with false accusations leading to plaintiff's arrest, subjecting plaintiff to discrimination by law enforcement. Id.

Plaintiff alleges that Detective Booza improperly made false accusations and discriminated against him, noting that all of the witnesses at the Preliminary Hearing said the suspect was a white male and plaintiff is a black male. Id. at 4. Plaintiff states that the bias and prejudiced police reports are an additional violation of the penal code. Id. Plaintiff alleges his due process rights were violated as well as the equal protection clause. Id. Plaintiff's only identified cause of action is "Intentional Tort," and plaintiff seeks exemplary damages. Id. at 3.

IV.     Failure to State a Claim

The FAC cannot be served because it does not state a claim upon which relief can be granted. First, plaintiff cannot bring a cause of action for violations of the penal code. "Criminal proceedings, unlike private civil proceedings, are public acts initiated and controlled by the Executive Branch." Clinton v. Jones, 520 U.S. 681, 718 (1997). Neither the Federal Criminal Code nor the California Penal Code establish any private right of action or can support a civil lawsuit. See Aldabe v. Aldabe, 616 F.2d 1089, 1092 (9th Cir. 1980) (criminal provisions provide no basis for civil liability).

Second, plaintiff's only identified cause of action is "Intentional Tort." This is not sufficiently specific to identify a cause of action and does not match the contents of the FAC. Because plaintiff references constitutional violations related to his due process rights, the propriety of his arrest, and race discrimination, it appears plaintiff may be attempting to raise constitutional claims pursuant to 48 U.S.C. §1983. "To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." West v. Atkins, 487 U.S. 42, 48 (1988) (citations omitted). Plaintiff's FAC, as drafted, does not clearly identify which constitutional rights were violated, and does not provide enough facts to state a claim upon which relief can be granted.

Plaintiff references racial discrimination in the body of his FAC. To the extent plaintiff

wishes to bring an Equal Protection claim for race discrimination, the court notes that the "Equal Protection Clause of the Fourteenth Amendment commands . . . that all persons similarly situated should be treated alike." City of Cleburne v. Cleburne Living Ctr., 473 U.S. 432, 439 (1985). "To state a claim under 42 U.S.C. § 1983 for a violation of the Equal Protection Clause of the Fourteenth Amendment a plaintiff must show that the defendants acted with an intent or purpose to discriminate against the plaintiff based upon membership in a protected class." Barren v. Harrington, 152 F.3d 1193, 1194 (9th Cir.1998), cert. denied, 525 U.S. 1154 (1999). A disproportionate impact on an identifiable group is insufficient on its own. Village of Arlington Heights v. Metro. Hous. Dev. Corp., 429 U.S. 252, 264–66 (1977) (citing Washington v. Davis, 426 U.S. 229, 242 (1976)) ("Disproportionate impact is not irrelevant, but it is not the sole touchstone of an invidious racial discrimination."). As drafted the FAC does not provide the necessary factual allegations to state an Equal Protection claim under § 1983.

Plaintiff also references due process, and falsification of documents in connection with his arrest. In order to state a Section 1983 claim for an unconstitutional false arrest, plaintiff must allege facts showing that he was arrested without probable cause or other justification. Dubner v. City & County of San Francisco, 266 F.3d 959, 964 (9th Cir. 2001) ("[a] claim for unlawful arrest is cognizable under § 1983 as a violation of the Fourth Amendment, provided the arrest was without probable cause or other justification"). In order to state a Section 1983 claim for violation of due process rights, plaintiff "must allege facts that, if true, show that ... [defendants] deprived him of a constitutionally protected liberty or property interest without due process." Knappenberger v. City of Phoenix, 566 F.3d 936, 940 (9th Cir. 2009). The FAC as drafted does not clearly identify these claims or provide a factual basis for them.

V.      Leave to Amend

If plaintiff chooses to file a first amended complaint, he must demonstrate how the conditions about which he complains resulted in a deprivation of his constitutional rights. Rizzo v. Goode, 423 U.S. 362, 370-71 (1976). Also, the complaint must allege in specific terms how each named defendant is involved. Arnold v. Int'l Bus. Machs. Corp., 637 F.2d 1350, 1355 (9th Cir. 1981). There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link

or connection between a defendant's actions and the claimed deprivation.  Id.; Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).  Furthermore, "[v]ague and conclusory allegations of official participation in civil rights violations are not sufficient."  Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982) (citations omitted).

Plaintiff is also informed that the court cannot refer to a prior pleading in order to make his first amended complaint complete.  Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading.  This is because, as a general rule, an amended complaint supersedes the original complaint.  Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967) (citations omitted), overruled in part by Lacey v. Maricopa County, 693 F.3d 896, 928 (9th Cir. 2012) (claims dismissed with prejudice and without leave to amend do not have to be re-pled in subsequent amended complaint to preserve appeal).  Once plaintiff files a first amended complaint, the original complaint no longer serves any function in the case.  Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

VI.     Plain Language Summary of this Order for a Pro Se Litigant

Your request to proceed in forma pauperis is granted and you are not required to pay the entire filing fee immediately.

The First Amended Complaint is dismissed with leave to amend because the facts you have alleged are not enough to state a claim for relief.  If you are trying to sue for constitutional violations, you need to identify which constitutional right was violated, by whom, and explain why you believe there was a violation.

If you choose to amend your complaint, the second amended complaint must include all of the claims you want to make because the court will not look at the claims or information in the previous complaints.  **Any claims not in the second amended complaint will not be considered.**

////

////

////

CONCLUSION

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's request for leave to proceed in forma pauperis (ECF No. 2) is granted.

2. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action. Plaintiff is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1). All fees shall be collected and paid in accordance with this court's order to the Director of the California Department of Corrections and Rehabilitation filed concurrently herewith.

3. Plaintiff's First Amended Complaint is rejected with leave to amend.

4. Within thirty days from the date of service of this order, plaintiff may file an amended complaint that complies with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice. The amended complaint must bear the docket number assigned this case and must be labeled "Second Amended Complaint." Plaintiff must file an original and two copies of the second amended complaint. Failure to file a second amended complaint in accordance with this order will result in dismissal of this action.

5. The Clerk of the Court is directed to send plaintiff a copy of the prisoner complaint form used in this district.

DATED: October 29, 2024

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE