UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL D. CAREY,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>GREGORY BOOZA and CHRISTIAN JUAREZ,<br><br>　　　　Defendants. | No.  2:24-cv-1717 AC P<br><br><br>ORDER |

The court is in receipt of plaintiff's motion for default judgment (ECF No. 12), motion to appoint counsel (ECF No. 15) and motion for extension of time (ECF No. 16).  Plaintiff is incarcerated and is bringing his civil case as a self-represented litigant proceeding in forma pauperis.  On October 30, 2024, the undersigned rejected plaintiff's operative first amended complaint pursuant to the screening process associated with in forma pauperis status, and gave plaintiff 30 days to file a second amended complaint.  ECF No. 13.

**I.　　Motion for Default Judgment**

Plaintiff requested that the Clerk of Court enter default against defendant Gregory Booza on August 28, 2024.  ECF No. 10.  The Clerk of Court denied entry of default, noting that service had not been ordered by the court.  ECF No. 11.  Roughly one month after the Clerk of Court denied entry of default, plaintiff moved for default judgment.  ECF No. 12.  The motion is

frivolous and procedurally improper because the defendants in this case have not been served, and because the Clerk of Court expressly declined to enter default for that reason. Because the motion is both frivolous and procedurally improper, it will be STRICKEN.

## II.     Motion to Appoint Counsel

Plaintiff requests that the court appoint counsel, asserting that his imprisonment makes it difficult for him to litigate, that he lacks legal expertise, and that he cannot afford counsel. ECF No. 15 at 2. In civil cases, a pro se litigant's right to counsel "is a privilege and not a right." United States ex Rel. Gardner v. Madden, 352 F.2d 792, 793 (9th Cir. 1965) (citation omitted). "Appointment of counsel should be allowed only in exceptional cases." Id. When determining whether "exceptional circumstances" exist, the court must consider the likelihood of success on the merits as well as the ability of the plaintiff to articulate his claims pro se in light of the complexity of the legal issues involved. Palmer v. Valdez, 560 F.3d 965, 970 (9th Cir. 2009).

Having considered the relevant factors, the court finds there are no exceptional circumstances in this case, and that appointment of counsel is not warranted at this time. Plaintiff's case is not overly complex. See ECF No. 13. The facts that plaintiff is imprisoned and is not a legal expert do not constitute exceptional circumstances. "Circumstances common to most prisoners, such as lack of legal education and limited law library access, do not establish exceptional circumstances that would warrant a request for voluntary assistance of counsel." Kent v. U.C. Davis Med. Ctr., No. 215CV1924WBSACP, 2016 WL 4208572, at *1 (E.D. Cal. Aug. 10, 2016). Appointment of counsel therefore is not appropriate, and this motion is DENIED.

## III.     Motion for an Extension of Time

Plaintiff timely moves for an additional 60 days to file a second amended complaint, citing difficulty accessing the law library and limited knowledge of the law. ECF No. 16. In light of plaintiff's pro se status and the procedural posture of the case, the motion for a 60-day extension of time is GRANTED.

////

////

### IV. Conclusion

Plaintiff's motion for default judgment (ECF No. 12) is STRICKEN as frivolous and procedurally improper.  Plaintiff's motion to appoint counsel (ECF No. 15) is DENIED. Plaintiff's motion for an extension of time to file his second amended complaint (ECF No. 16) is GRANTED.  Plaintiff's Second Amended Complaint is now due January 20, 2025.  If plaintiff fails to timely file the Second Amended Complaint, the undersigned may recommend that this action be dismissed for failure to prosecute.

IT IS SO ORDERED.

DATED: November 19, 2024

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE