UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL D. CAREY,<br><br>    Plaintiff,<br><br>    v.<br><br>GREGORY BOOZA,<br><br>    Defendant. | No. 2:24-cv-1717 AC<br><br>FINDINGS AND RECOMMENDATIONS |

Plaintiff, who is a prisoner proceeding pro se, has filed a motion for default judgment. ECF No. 27. The motion is improper because there has been no entry of default by the Clerk under Fed. R. Civ. P. 55(a), and the defendant is not in default. Accordingly, the motion for default judgment must be denied. Plaintiff is informed below of the procedures to be followed in pursuing a default judgment. The Clerk of Court is DIRECTED to assign a District Judge to this case.

                                                I.      <u>OVERVIEW</u>

Plaintiff initially brought this lawsuit against a detective and a police officer, alleging violations of due process by false arrest and perjury. ECF No. 1. The complaint was docketed on June 17, 2024. <u>Id.</u> Before the initial complaint was screened, plaintiff filed an amended complaint on July 26, 2024, naming Gregory Booza as the sole defendant. ECF No. 9. On August 26, 2024, plaintiff requested entry of default. ECF No. 10. Entry of default was declined

1    by the Clerk of Court because the complaint had not yet been screened or served. ECF No. 11. A
2    motion for default judgment was filed a month later and was stricken as procedurally improper.
3    ECF Nos. 12, 17. On October 30, 2024, plaintiff was granted in forma pauperis status and the
4    First Amended Complaint was screened and found unsuitable for service; plaintiff was granted
5    leave to amend. ECF No. 13.

      Following extensions of time, a Second Amended Complaint was filed on March 14,
2025, and was ordered served on defendant Booza. ECF Nos. 21. The U.S. Marshal requested
waiver of service on July 16, 2025. ECF No. 26 at 2. Defendant's waiver of service, dated July
23, 2025, was filed on July 30, 2025. Id. at 1. The instant motion for default judgment was filed
on September 10, 2025. ECF No. 27. It was not preceded by a request for entry of default.

## II.   STANDARDS GOVERNING DEFAULT JUDGMENT

      A party seeking default judgment must first request entry of default from the Clerk's Office under Fed. R. Civ. P. 55(a). The court Clerk determines whether entry is appropriate by reviewing the requesting party's request and accompanying documentation. If the Clerk finds that the facts establish a failure to plead or otherwise defend, the Clerk will enter a default without any need for a judicial order. A default entry is not a judgment, but it is a necessary precondition for judgment.

      If the plaintiff is granted entry of default by the Clerk of the Court, plaintiff may apply to the court to obtain a default judgement. Fed. R. Civ. Proc. 55(b)(2). Plaintiff must file a motion for entry of default judgment and notice the motion for hearing before the undersigned pursuant to Local Rule 230. The motion may be made any time after entry of defendant's default.

      However, "[a] defendant's default does not automatically entitle the plaintiff to a court-ordered judgment." PepsiCo, Inc. v. Cal. Sec. Cans, 238 F. Supp. 2d 1172, 1174 (C.D. Cal. 2002) (citing Draper v. Coombs, 792 F.2d 915, 924-25 (9th Cir. 1986)); see Fed. R. Civ. P. 55(b) (governing the entry of default judgments). Instead, the decision to grant or deny an application for default judgment lies within the district court's sound discretion. Aldabe v. Aldabe, 616 F.2d 1089, 1092 (9th Cir. 1980). In making this determination, the court will consider the following factors:

> (1) the possibility of prejudice to the plaintiff; (2) the merits of plaintiff's substantive claim; (3) the sufficiency of the complaint; (4) the sum of money at stake in the action; (5) the possibility of a dispute concerning material facts; (6) whether the default was due to excusable neglect; and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits.

Eitel v. McCool, 782 F.2d 1470, 1471-72 (9th Cir. 1986). Default judgments are ordinarily disfavored. Id. at 1472.

As a general rule, once default is entered by the Clerk, well-pleaded factual allegations in the operative complaint are taken as true, except for those allegations relating to damages. TeleVideo Sys., Inc. v. Heidenthal, 826 F.2d 915, 917-18 (9th Cir. 1987) (per curiam). Although well-pleaded allegations in the complaint are admitted by a defendant's failure to respond, "necessary facts not contained in the pleadings, and claims which are legally insufficient, are not established by default." Cripps v. Life Ins. Co. of N. Am., 980 F.2d 1261, 1267 (9th Cir. 1992). Any motion for default judgment under Fed. R. Civ. Proc. 55(b)(2) should address the factors set forth in Eitel v. McCool, above.

### III.    DISCUSSION

Here, default judgment cannot be entered because the Clerk has not made an entry of default. Further, defendant is not in default. He was served with a request for waiver on July 16, 2025, and timely waived service. He therefore had 60 days after July 16 to respond to the complaint. Rule 4(d)(3), Federal Rules of Civil Procedure. Defendant filed a motion to dismiss on September 12, 2025. ECF No. 28. This motion was timely, and there has accordingly been no default. For these reasons, the motion must be denied.

### IV.    RECOMMENDATION

The clerk of court is hereby DIRECTED to assign a District Judge to this case. For the reasons set forth above, IT IS HEREBY RECOMMENDED that plaintiff's motion for default judgment (ECF No. 27) be DENIED.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written

objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any response to the objections shall be served and filed within fourteen days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

DATED: September 22, 2025

/s/ Allison Claire
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE