UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL D. CAREY, | No. 2:24-cv-1717 DC AC |
| Plaintiff, | |
| v. | <u>ORDER</u> |
| GREGORY BOOZA, | |
| Defendant. | |

The court is in receipt of plaintiff's motion entitled "Motion for Prohibitory Injunction and a Mandatory Injunction," which the court construes as a motion to appoint legal counsel because appointment of counsel is the only relief clearly requested. ECF No. 37. Plaintiff is incarcerated and is bringing his civil case as a self-represented litigant proceeding in forma pauperis. ECF No. 13.

### I.   Motion

Plaintiff's 37-page motion details a series of grievances related to sending mail from prison to the court, asserting that he was wrongfully charged for postage, and has been experiencing "extreme discrepancies" as an in forma pauperis/pro se litigant attempting to litigate this case from prison. ECF No. 37 at 7. Plaintiff asserts he should not have been charged postage because he is proceeding in forma pauperis, but the prison charged him because it did not have him listed as an indigent litigant. <u>Id.</u> at 8. Plaintiff filed a grievance and as of October of 2025,

plaintiff had not received a response. Plaintiff asks that his motion be granted, but the only relief he identifies is appointment of counsel or, if the court still finds appointment of counsel inappropriate, assignment of "a paralegal or investigator to assist with the duties related to the practice of law and provide limited legal service." ECF No. 37 at 9.

### II.    Analysis

To the extent plaintiff's motion addresses anything other than his desire for legal assistance, it does not clearly identify the relief requested and the motion accordingly must be denied. Insofar as plaintiff seeks legal assistance, as the court previously explained, a pro se litigant's right to counsel "is a privilege and not a right" in civil cases. United States ex Rel. Gardner v. Madden, 352 F.2d 792, 793 (9th Cir. 1965) (citation omitted). "Appointment of counsel should be allowed only in exceptional cases." Id. When determining whether "exceptional circumstances" exist, the court must consider the likelihood of success on the merits as well as the ability of the plaintiff to articulate his claims pro se in light of the complexity of the legal issues involved. Palmer v. Valdez, 560 F.3d 965, 970 (9th Cir. 2009).

The court has already denied a motion to appoint counsel in this case (ECF Nos. 15, 17) and continues to find appointment of counsel inappropriate. "Circumstances common to most prisoners, such as lack of legal education and limited law library access, do not establish exceptional circumstances that would warrant a request for voluntary assistance of counsel." Kent v. U.C. Davis Med. Ctr., No. 2:15-cv-1924WBSACP, 2016 WL 4208572, at *1 (E.D. Cal. Aug. 10, 2016). Plaintiff has thus far been able to litigate his case, and the court finds no exceptional circumstances warranting appointment of counsel. Plaintiff's request for appointment of legal help short of appointment of counsel is not cognizable; the court cannot appoint a paralegal or provide limited legal service.

////
////
////
////
////

### III. Conclusion

Plaintiff's motion (ECF No. 37) is construed as a motion to appoint counsel and is DENIED.

IT IS SO ORDERED.

DATED: December 29, 2025

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE