UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL D. CAREY, | No. 2:24-cv-1717 AC PC |
| Plaintiff, | |
| v. | FINDINGS AND RECOMMENDATIONS |
| GREGORY BOOZA, et al., | |
| Defendants. | |

    This case was initially filed on June 17, 2024. ECF No. 1. Plaintiff is a state prisoner proceeding in this matter pro se, and pre-trial proceedings are accordingly referred to the undersigned pursuant to Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1). A First Amended Complaint was filed on July 26, 2024. ECF No. 9. Plaintiff was given permission to proceed in forma pauperis on October 30, 2024, and his initial complaint was rejected for service pursuant to the screening process that accompanies IFP status. ECF No. 13. Plaintiff was granted leave to file a Second Amended Complaint, which he filed on March 14, 2025. ECF No. 20. The undersigned found the Second Amended Complaint sufficient for service as to the sole defendant, Gregory Booza. ECF No. 21.

    Defendant Booza moves to dismiss the Second Amended Complaint. ECF No. 28. Plaintiff opposes the motion. ECF No. 41. Defendant Booza submitted a reply. ECF No. 42. The undersigned recommends the motion to dismiss be DENIED.

## I. Background

The Second Amended Complaint alleges as follows. ECF No. 20. Defendant Gregory Booza is a Detective for the Modesto Police Department. ECF No. 20 at 3-4. On March 26, 2024, Detective Booza filed a vehicle report for a DOJ stop. Id. at 4. The initial report was for a stolen car with a white male suspect. Id. On March 27, 2024, plaintiff was pulled over while driving his car in Elk Grove, California by Elk Grove Police Officer Juarez. Id. at 4-5. Officer Juarez contacted Detective Booza, at which point Detective Booza informed Officer Juarez that the Modesto Police Department had probable cause to arrest plaintiff because he was allegedly involved in two armed robberies, and was wearing the exact same clothes as Detective Booza's suspect. Id. at 5.

Plaintiff is informed and believes that a valid arrest or search warrant was never issued in his name by a judge. Id. Plaintiff and his vehicle were subjected to a warrantless search by the Elk Grove Police Department. Id. Plaintiff was subsequently arrested for two robberies in Modesto, California. Id. at 6. On May 13, 2024, at the second day of plaintiff's preliminary hearing, Detective Booza, under oath, changed his statement that was made on the night of plaintiff's arrest by stating that due to the video from the robbery being blurry, he no longer believed that plaintiff's clothes matched the clothes of his suspect, even though the matching clothes was the justification for plaintiff's arrest. Id. 6. Detective Booza also stated that looking at the video, he couldn't identify who the person was, which plaintiff alleges eliminates the theory that he resembles the armed robbery suspect. Id. at 7.

The Second Amended Complaint asserts that Detective Booza violated plaintiff's Fourth Amendment protections against unreasonable search and seizure, and unlawful arrest. Id. at 7. Plaintiff seeks declaratory relief and monetary damages. Id. at 8.

## II. Motion to Dismiss

Defendants move to dismiss this case in its entirety, asserting that plaintiff's Second Amended Complaint does not state a claim upon which relief can be granted. ECF No. 28. "The purpose of a motion to dismiss pursuant to Rule 12(b)(6) is to test the legal sufficiency of the complaint." N. Star Int'l v. Ariz. Corp. Comm'n, 720 F.2d 578, 581 (9th Cir. 1983). "Dismissal

can be based on the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." Balistreri v. Pacifica Police Dep't., 901 F.2d 696, 699 (9th Cir. 1990).

In order to survive dismissal for failure to state a claim, a complaint must contain more than a "formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient to "raise a right to relief above the speculative level." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). It is insufficient for the pleading to contain a statement of facts that "merely creates a suspicion" that the pleader might have a legally cognizable right of action. Id. (quoting 5 C. Wright & A. Miller, Federal Practice and Procedure § 1216, pp. 235-35 (3d ed. 2004)). Rather, the complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id.

In reviewing a complaint under this standard, the court "must accept as true all of the factual allegations contained in the complaint," construe those allegations in the light most favorable to the plaintiff and resolve all doubts in the plaintiff's favor. See Erickson v. Pardus, 551 U.S. 89, 94 (2007); Von Saher v. Norton Simon Museum of Art at Pasadena, 592 F.3d 954, 960 (9th Cir. 2010), cert. denied, 564 U.S. 1037 (2011); Hebbe v. Pliler, 627 F.3d 338, 340 (9th Cir. 2010). However, the court need not accept as true legal conclusions cast in the form of factual allegations, or allegations that contradict matters properly subject to judicial notice. See Western Mining Council v. Watt, 643 F.2d 618, 624 (9th Cir. 1981); Sprewell v. Golden State Warriors, 266 F.3d 979, 988 (9th Cir.), as amended, 275 F.3d 1187 (2001). t

Pro se pleadings are held to a less stringent standard than those drafted by lawyers. Haines v. Kerner, 404 U.S. 519, 520 (1972). Pro se complaints are construed liberally and may only be dismissed if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. Nordstrom v. Ryan, 762 F.3d 903, 908 (9th Cir. 2014). The court's liberal interpretation of a pro se complaint, however, may not supply essential

1 elements of the claim that were not pled. Ivey v. Bd. of Regents of Univ. of Alaska, 673 F.2d
2 266, 268 (9th Cir. 1982); see also Pena v. Gardner, 976 F.2d 469, 471 (9th Cir. 1992). A pro se
3 litigant is entitled to notice of the deficiencies in the complaint and an opportunity to amend,
4 unless the complaint's deficiencies could not be cured by amendment. See Noll v. Carlson, 809
5 F.2d 1446, 1448 (9th Cir. 1987).

### III. Analysis

Each of plaintiff's claims is brought pursuant to 42 U.S.C. § 1983, which creates liability for any person who, "under color of" state law, subjects any person "to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law." "To state a claim under 42 U.S.C. § 1983, the plaintiff must allege two elements: (1) that a right secured by the Constitution or laws of the United States was violated; and (2) that the alleged violation was committed by a person acting under color of state law." Campbell v. Washington Dep't of Soc. Servs., 671 F.3d 837, 842 n.5 (9th Cir. 2011).

"To plausibly state a claim under Section 1983, a plaintiff must specifically identify who caused that alleged violation: '[t]he inquiry into causation must be individualized to focus on the duties and responsibilities of each individual defendant whose acts or omissions are alleged to have caused a constitutional deprivation.'" Manlove v. County of San Diego, 759 F.Supp.3d 1057, 1064 (S.D. Cal. 2024) (quoting Leer v. Murphy, 844 F.2d 628, 633 (9th Cir. 1988)). "A person 'subjects' another to the deprivation of a constitutional right, within the meaning of § 1983, if he does an affirmative act, participates in another's affirmative acts, or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

Vague and conclusory allegations concerning the involvement of official personnel in civil rights violations are not sufficient. See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982). However, "personal participation is not the only predicate for section 1983 liability. Anyone who 'causes' any citizen to be subjected to a constitutional deprivation is also liable. The requisite causal connection can be established not only by some kind of direct personal participation in the deprivation, *but also by setting in motion a series of acts by others* which the

actor knows or reasonably should know would cause others to inflict the constitutional injury." Johnson, 588 F.2d at 743–44 (emphasis added).

Defendant does not address the merits of plaintiff's claims but instead contends that "[n]either the factual allegations nor the legal claim here alludes to any significant involvement of Defendant MPD detective Booza in the search, seizure or arrest of Plaintiff in Elk Grove," noting that the traffic stop, search, and arrest in question were all conducted by Elk Grove Officer Juarez. ECF No. 28 at 6. Defendant's argument is not persuasive. The Second Amended Complaint clearly indicates that Detective Booza caused the search and arrest by telling Officer Juarez that he had probable cause to arrest plaintiff because plaintiff matched the description of an armed robbery suspect in Modesto, thus "setting in motion" the search and arrest. ECF No. 20 at 5. Plaintiff adequately alleged a causal link between Detective Booza and the alleged constitutional violations.

Defendant's only other argument in his motion to dismiss is that he has absolute immunity for testimony given in plaintiff's criminal trial. The asserted immunity does not apply here. Defendant correctly notes that the Ninth Circuit has made clear that "[a] witness has absolute immunity from liability for civil damages under § 1983 for giving perjured testimony at trial." Franklin v. Terr, 201 F.3d 1098, 1099 (9th Cir. 2000). Plaintiff, however, does not allege that Detective Booza perjured himself, and none of plaintiff's claims arise from Detective Booza's testimony. The Second Amended Complaint only references Detective Booza's testimony to lend factual support to plaintiff's allegation that on the night Detective Booza instructed Officer Juarez that there was probable cause to arrest plaintiff for the Modesto robberies, Detective Booza did not actually know whether plaintiff bore any resemblance to the suspect they were pursuing. ECF No. 20 at 6-7. Defendant's argument is unpersuasive.

In his reply brief, defendant briefly asserts for the first time that plaintiff's Fourth Amendment claims fail on the merits, and that plaintiff's claims may be barred by Heck v. Humphrey, 512 U.S. 477 (1994) or Younger v. Harris, 401 U.S. 37 (1971). ECF No. 41 at 2. The court will not address these brief and unsupported arguments that were not presented in the motion. The arguments actually presented in defendant's motion to dismiss are not persuasive,

and accordingly the motion (ECF No. 28) should be DENIED.

### IV.  Conclusion

Accordingly, the undersigned recommends that defendants' motion to dismiss at ECF No. 28 be DENIED.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1).  Within twenty-one days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Id.; see also Local Rule 304(b).  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Failure to file objections within the specified time may waive the right to appeal the District Court's order.  Turner v. Duncan, 158 F.3d 449, 455 (9th Cir. 1998); Martinez v. Ylst, 951 F.2d 1153, 1156-57 (9th Cir. 1991).

DATED: December 29, 2025

*/s/ Allison Claire*
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE