UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

MICHAEL D. CAREY,

Plaintiff,

v.

GREGORY BOOZA,

Defendant.

No.  2:24-cv-1717 DC AC PC

ORDER

Plaintiff, a county jail inmate proceeding pro se and in forma pauperis, has filed this civil rights action seeking relief under 42 U.S.C. § 1983 for an alleged Fourth Amendment violation during his arrest.  ECF No. 1.  The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.  Before the court is defendants' motion to stay these proceedings pending the resolution of plaintiff's parallel criminal case.  ECF No. 50. Also pending is plaintiff's motion to compel discovery responses.  ECF No. 48.  No schedule has been set in this case.

I.      RELEVANT PROCEDURAL HISTORY

This action was commenced on June 17, 2024.  ECF No. 1.  A First Amended Complaint was filed on July 26, 2024.  ECF No. 9.  Plaintiff was given permission to proceed in forma pauperis on October 30, 2024, and his initial complaint was rejected for service pursuant to the screening process that accompanies IFP status.  ECF No. 13.  Plaintiff was granted leave to

1

file a Second Amended Complaint, which he filed on March 14, 2025. ECF No. 20.  The undersigned found the Second Amended Complaint sufficient for service as to the sole defendant, Gregory Booza.  ECF No. 21.  Defendant moved to dismiss the Second Amended Complaint ("SAC"), and that motion was denied.  ECF No. 46, 52.  Accordingly, the SAC remains the operative complaint in this case.

The SAC alleges as follows. ECF No. 20.  Defendant Gregory Booza is a Detective for the Modesto Police Department.  ECF No. 20 at 3-4.  On March 26, 2024, Detective Booza filed a vehicle report for a DOJ stop.  Id. at 4.  The initial report was for a stolen car with a white male suspect.  Id.  On March 27, 2024, plaintiff was pulled over while driving his car in Elk Grove, California by Elk Grove Police Officer Juarez.  Id. at 4-5.  Officer Juarez contacted Detective Booza, at which point Detective Booza informed Officer Juarez that the Modesto Police Department had probable cause to arrest plaintiff because he was allegedly involved in two armed robberies, and was wearing the exact same clothes as Detective Booza's suspect.  Id. at 5.

Plaintiff is informed and believes that a valid arrest or search warrant was never issued in his name by a judge.  Id.  Plaintiff and his vehicle were subjected to a warrantless search by the Elk Grove Police Department.  Id.  Plaintiff was subsequently arrested for two robberies in Modesto, California.  Id. at 6.  On May 13, 2024, at the second day of plaintiff's preliminary hearing, Detective Booza, under oath, changed his statement that was made on the night of plaintiff's arrest by stating that due to the video of the robbery being blurry, he no longer believed that plaintiff's clothes matched the clothes of his suspect, even though the matching clothes were the justification for plaintiff's arrest.  Id. 6.  Detective Booza also stated that looking at the video, he couldn't identify who the person was, which plaintiff alleges eliminates the theory that he resembles the armed robbery suspect.  Id. at 7.

The Second Amended Complaint asserts that Detective Booza violated plaintiff's Fourth Amendment protections against unreasonable search and seizure, and unlawful arrest.  Id. at 7. Plaintiff seeks declaratory relief and monetary damages.  Id. at 8.

## II.    MOTION TO STAY

Defendant seeks a stay of these proceedings pending the resolution of charges pending

2

against plaintiff in People v. Michael D. Carey, Stanislaus Superior Court case no. CR-24-004550, including two counts of felony robbery. ECF No. 50-1 at 2. A jury trial in the criminal case is currently set for September 14, 2026. Id. Defendant represents that the criminal charges arise from the same incident as plaintiff's civil rights claims; the date of the alleged criminal offenses and civil rights violations is the same. Id. Defendant contends that abstention and a corresponding stay are appropriate and invoke the abstention doctrine announced in Younger v. Harris, 401 U.S. 37 (1971).

III.    STANDARDS

"In the main, federal courts are obliged to decide cases within the scope of federal jurisdiction. Abstention is not in order simply because a pending state-court proceeding involves the same subject matter." Sprint Communications, Inc. v. Jacobs, 571 U.S. 69, 72 (2013). Certain "exceptional" classes of cases do support abstention, however. New Orleans Public Service, Inc. v. Council of City of New Orleans, 491 U.S. 350, 367 (1998). The paradigmatic example is Younger v. Harris, 401 U.S. 37 (1971), which "exemplifies one class of cases in which federal-court abstention is required: When there is a parallel, pending state criminal proceeding, federal courts must refrain from enjoining the state prosecution." Sprint, 571 U.S. at 72. Younger abstention "remains an extraordinary and narrow exception to the general rule" obligating federal courts to decide federal questions that have been presented to them. Cook v. Harding, 879 F.3d 1035, 1038 (9th Cir. 2018) (quoting Nationwide Biweekly Admin., Inc. v. Owen, 873 F.3d 716, 727 (9th Cir. 2017) (internal quotation marks omitted)).

As the Ninth Circuit has explained, "Younger principles apply in an action for damages pursuant to 42 U.S.C. § 1983 in which the federal plaintiff brings a constitutional challenge to a state proceeding when that proceeding is ongoing; the state proceeding is of a judicial nature, implicating important state interests; and the federal plaintiff is not barred from litigating his federal constitutional issues in that proceeding." Gilbertson v. Albright, 381 F.3d 965, 984 (9th Cir. 2004) (en banc). Younger thus prohibits federal courts from directly enjoining state prosecutions, 401 U.S. at 45, and also from substantially interfering with ongoing state prosecutions by entertaining claims that seek to enforce the rights of the criminal defendant in the

state forum.  See Mann v. Jett, 781 F.2d 1448, 1449 (9th Cir. 1986) (per curiam).

In sum, Younger abstention is appropriate if four requirements are met: (1) a state-initiated proceeding is ongoing; (2) the proceeding implicates important state interests; (3) there is an adequate opportunity in the state proceedings to raise constitutional challenges; and (4) the requested relief either seeks to enjoin or has the practical effect of enjoining the ongoing state judicial proceeding.  Arevalo v. Hennessy, 882 F.3d 763, 765 (9th Cir. 2018).  All four elements must be satisfied to warrant abstention.  AmerisourceBergen Corp. v. Roden, 495 F.3d 1143, 1148 (9th Cir. 2007).  Absent abstention, the decision whether to stay proceedings is within the court's discretion.  See Securities & Exchange Comm'n. v. Dresser Indus., 628 F.2d 1368, 1376 (9th Cir. 1980) (citing United States v. Kordel, 397 U.S. 1, 12 n. 27 (1970)).

## IV.    DISCUSSION

Plaintiff does not oppose a stay.  ECF No. 51 at 3.  Accordingly, having reviewed all the papers presented, the court finds in its discretion that issuing a stay is appropriate and in the best interest of all parties.  This case is in its earliest stages, does not have a set schedule, and a stay will neither prejudice nor benefit any party.  Given the lack of opposition, the current timeline of the criminal case, and the very preliminary stage of this lawsuit, it is a virtual certainty that the criminal case will conclude before this case progresses far.  A stay will simply permit discovery and motion practice to be responsive to the outcome of the criminal case from the outset, rather than requiring a reset or a duplication of effort.

The court notes that plaintiff has filed a motion to compel discovery (ECF No. 48), and states in his response to the motion to stay that while he does not oppose a stay, he wishes discovery to proceed because the documents he is requesting are public records.  ECF No. 51 at 5.  Discovery cannot proceed during the stay, because staying the case stops all action until the stay is lifted.  While plaintiff is free to seek public records outside the context of this litigation, discovery connected to this litigation must pause.  Given the early stage of this case and the implementation of a stay, the motion to compel discovery will be denied without prejudice as premature.  Plaintiff may re-file the motion when the stay of this case is lifted.

////

V.    <u>CONCLUSION</u>

For the reasons explained above, IT IS HEREBY ORDERED as follows:

1.    Defendant's motion for a stay, ECF No. 50, is GRANTED and the proceedings are STAYED until further order of the court;

2.    Defendant shall file a status report regarding the parallel criminal case every 90 days until the stay is lifted;

3.    Plaintiff's motion to compel discovery, ECF No. 48, is DENIED without prejudice to refiling following the lifting of the stay in this case.

DATED: April 8, 2026

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE